IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MICHAEL HASSINGER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>DERREL ADAMS, Warden,<br>Substance Abuse and Treatment Center,<br>Corcoran, California,<br><br>　　　　Respondent.<br>　　　　　　　　　　　　　　　　　　／ | No. C 05-01011 WHA<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART REQUEST FOR CERTIFICATE OF APPEALABILITY AND (2) DENYING REQUEST TO APPOINT COUNSEL** |

## INTRODUCTION

Petitioner Charles Michael Hassinger requests that this Court issue a certificate of appealability so that he may challenge the denial of his petition for a writ of habeas corpus. He also asks for appointment of counsel. Some of the issues in the petition are adequate to deserve encouragement to proceed further, at least after all doubts are resolved in petitioner's favor. The request for a certificate is therefore **GRANTED IN PART AND DENIED IN PART**. The interests of justice do not require appointment of counsel. The request for appointment therefore is **DENIED**.

## STATEMENT

Petitioner was convicted by a Santa Clara County Superior Court jury of six violations of California Penal Code Section 288(a), which prohibits lewd and lascivious acts on a person less than fourteen years old. On February 7, 2006, the Court denied petitioner's request for a

writ of habeas corpus and issued a judgment against him. Petitioner now requests appointment of counsel and a certificate of appealability.

## ANALYSIS

### 1.     Certificate of Appealability

A district court may grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). The certificate is granted if the petitioner demonstrates "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Any doubt is resolved in the petitioner's favor. *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (citations omitted).

In his petition, Mr. Hassinger claimed that his confrontation-clause rights were violated when the trial court allowed testimony by L. C., a twenty-three-year-old woman who claimed that petitioner had molested her in 1986.[1]

On this issue, the certificate of appealability is denied. Petitioner's counsel persists in misconstruing the most obvious part of the Confrontation Clause: there can be no violation of the Clause when the accused is allowed to examine fully, in open court, the witnesses against him or her. Petitioner continues to argue frivolously that the Confrontation Clause was violated because L. C.'s testimony contained inadmissible hearsay. The Confrontation Clause has nothing to do with hearsay except when the out-of-court declarant is unavailable for cross-examination. Obviously, that was not the case here. Petitioner's counsel also suggests that this Court relied on the "theor[y]" that *Crawford v. Washington*, 541 U.S. 36 (2002) overruled *Ohio v. Roberts*, 448 U.S. 56 (1980). The Court made no such reliance. In fact, the Court explicitly cited both *Roberts* and *Crawford* in support of this particular Confrontation Clause holding.[2]

---

[1] To protect their privacy, the victims are identified in this order only by their initials.

[2] Petitioner's counsel misleadingly implies that *Crawford* did not abrogate *Roberts*. *Crawford* did just that by holding that testimonial hearsay was inadmissible unless the declarant was available for cross-examination by the defendant. 541 U.S. at 68–69. Under *Roberts*, such statements would be admissible even if the declarant were not available for cross-examination, provided they bore "indicia of reliability." 448 U.S. at

2

Plaintiff's counsel also labors under the misunderstanding that non-testimonial statements are at issue. All of L. C.'s challenged statements were testimonial. Counsel's arguments on this point are therefore off the mark.

Petitioner's counsel also fundamentally misstates the standard for granting a certificate of appealability. He is correct that a certificate must be granted if the issue is debatable among jurists of reason. He misunderstands, however, the "issue" to which this rule applies. It is not enough that jurists of reason could disagree with the court decision that set forth the underlying constitutional rule. The relevant issues instead are whether or not jurists of reason could disagree about *which* decision supplies the governing rule and about how to apply that rule to the particular case before the court. It is therefore irrelevant that, as petitioner's counsel points out, one judge dissented in *Bockting v. Bayer*, 399 F.3d 1010 (9th Cir. 2005), which held that *Crawford* was applied retroactively to cases on collateral review.

In his petition, Mr. Hassinger argued that his due-process rights were violated because there was insufficient evidence that he molested one of the victims, Y. S., on three separate occasions, as charged, or that he did so on the dates alleged in the charging instrument.

On this issue, the certificate of appealability is denied. Petitioner argues that a certificate on this issue should issue because the Court's finding supposedly was based "in large part" upon out-of-court statements made by Y. S. in Korean to her father and to the father's employer, which were then immediately translated to a police officer. Petitioner alleges that these statements were improperly considered by the jury because they were too unreliable. He claims that they were unreliable because the father did not speak much English, the father's employer did not speak much Korean and the police officer did not speak any Korean.

These reasons are insufficient to grant a certificate of appealability because they rest on the misguided notions about the Confrontation Clause that are described above. Y. S. testified at the trial and was subject to full cross-examination, so admission of her prior statements could not have violated the Confrontation Clause.

---

66. In fact, *Crawford* pulled no punches in its demolition of *Roberts*, stating that "[t]he unpardonable vice of the *Roberts* test . . . is . . . its demonstrated capacity to admit core testimonial statements that the Confrontation Clause plainly meant to exclude." 541 U.S. at 63.

3

1    Petitioner also argues that a certificate should issue on the issue of whether there was a
2 variance between the pleading and the proof that effectively amended the charging instrument
3 and thereby denied him his right to due process of law. This argument relies upon rejection of
4 the testimony discussed immediately above. No reasonable jurist could conclude that the
5 aforementioned testimony could be excluded on confrontation-clause grounds. Petitioner
6 advances no alternative grounds for excluding it. The constructive-amendment argument
7 therefore necessarily fails also. No certificate is granted on this issue.

8    The Court held that petitioner failed to carry his burden on the allegation that there was
9 insufficient evidence to convict him of molesting Y., another one of his victims. Petitioner asks
10 for a certificate of appealability on the grounds that a reasonable jurist could disagree with this
11 Court's decision that there was sufficient evidence notwithstanding the fact that Y. identified
12 defense counsel as the man who molested her.

13    On this issue, the certificate of appealability is denied. Petitioner's counsel mistakenly
14 states that this Court discounted Y.'s identification of defense counsel as nothing more than the
15 confused statement of a young child communicating through an interpreter. The Court did no
16 such thing. It merely stated that *the jury* reasonably could have disbelieved this identification as
17 a "confused statement of a young child communicating through an interpreter." Petitioner next
18 claims that the foregoing statement by the Court is "speculation . . . unsupported by the record."
19 The record, however, shows that Y. was a young child communicating through an interpreter
20 and that her statement may have been confused, in that it arguably was contradicted by other
21 evidence. Petitioner's arguments therefore fail on this aspect of the issue.

22    Petitioner also seeks a certificate on the grounds that a reasonable jurist could disagree
23 with the Court's decision to rely upon testimony by Y.'s mother to "cancel out Y.'s exculpatory
24 identification testimony." The mother was relating things that her five-year-old daughter told
25 her. Petitioner bases this argument on the same flawed Confrontation Clause interpretation,
26 suggesting that the mother's testimony should not have come in because the five-year-old's
27 statement was unreliable and because the girl purportedly did not know the difference then
28 between a lie and the truth. In fact, both the mother and Y. testified and were available for

4

cross-examination. There was no Confrontation Clause violation. No reasonable jurist would find otherwise. On this issue, the certificate of appealability is denied.

Petitioner also argues that a certificate should be issued on the issue of whether there was insufficient evidence that he committed the crimes against Y. during the period charged. The situation presented, however, was not one of insufficient evidence. That doctrine only covers failures to produce enough evidence of the *essential elements* of the crime. The specific dates on which petitioner molested Y. was not an essential element of the crime. No reasonable jurist would disagree with this finding. The certificate is therefore denied on this issue.

Petitioner also seeks a certificate on whether expert testimony about "child sexual predators" was improperly admitted because it impermissibly allowed the jury to infer guilt from a medical or psychological characteristic or behavior. The only support petitioner offers for this rule in both the request for a certificate and the original petition is a citation to *People v. Housley*, 6 Cal. App. 4th 949, 957 (Cal. Ct. App. 1992). That decision does not claim to be based upon the Constitution. Petitioner has therefore failed to mount any allegation that his federal rights were violated on this basis. Mere state-law violations are not cognizable on federal habeas review. The request for a certificate on this issue therefore is denied.

Petitioner also asks for a certificate of appealability as to the Court's denial of his requests for oral argument and an evidentiary hearing. Those requests were held to be moot because petitioner made them after his petition had been denied. Petitioner claims that his requests were proper and timely under Habeas L.R. 2254-7 and 2254-8, and therefore the denial of them as moot arguably violated his Fifth Amendment due-process right and his "statutory right" to present a habeas corpus petition under 28 U.S.C. 2254.

A certificate of appealability can only issue upon "a substantial showing of the denial of a *constitutional* right," not a statutory right. 28 U.S.C. 2253(c)(2). Petitioner's argument about violation of a statutory right under 28 U.S.C. 2254 therefore fails. As to his Fifth Amendment argument, petitioner fails to state why the decision not to consider those requests violated due process of law. He also does not cite any authority for his position. He thereby fails to make a "substantial showing" that he was denied the right. Furthermore, the Court did not violate the

5

1 Local Rules. Habeas Local Rule 2254-1 states that "[t]he application of these rules to a
2 particular petition may be modified by the Judge to whom the petition is assigned." That
3 provision authorized the Court to shorten the normal fifteen-day period in which parties can
4 request oral argument and evidentiary hearings. In addition, Rules 2254-7 and 2254-8 did not
5 divest the Court of its power to decide the petition in less than fifteen days. Finally, before the
6 requests were received, this Court had already examined the record to determine if an
7 evidentiary hearing was warranted, an examination required by Rule 8(a) of the Rules
8 Governing Section 2254 Cases in the United States District Courts. The Court had found that
9 no hearing was necessary. Petitioner thus effectively got all the rights he deserved under Rule
10 2254-7. Petitioner is denied a certificate on this issue.

The Court, however, agrees with petitioner that the following issues "are adequate to deserve encouragement to proceed further," at least after all doubts are resolved in the petitioner's favor. *See Lambright*, 220 F.3d at 1025.

    A. Whether or not admission of the testimony by L. C. violated petitioner's due-process rights because it was propensity and bad-character evidence.

    B. Whether jury instructions on the testimony by L. C. allowed conviction even if all elements of the crime were not proven beyond a reasonable doubt.

    C. Whether petitioner's due-process and Sixth Amendment rights were violated by a material variance between pleading and proof as to the dates on which he molested Y.

    D. Whether petitioner's due-process rights to discovery, including the right to exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), were violated when evidence was disclosed to petitioner mid-trial.

    E. Whether the testimony given about petitioner's computer and about child sexual predators amounted to bad-character or unfair

6

evidence that was barred by the Due Process Clause, including the interpretation of that clause at *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991).

F. Whether petitioner's sentence violated the Sixth Amendment by allowing the minimum sentence to be increased based upon facts not found by the jury.

G. Whether petitioner's sentence violated the Eighth Amendment ban on cruel and unusual punishment.

**2. Appointment of Counsel.**

In all habeas proceedings brought under 28 U.S.C. 2254, such as this one, the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel. All appointments of such attorneys are governed by 18 U.S.C. 3006A. 28 U.S.C. 2254(h). A court may appoint counsel for financially eligible Section 2254 petitioners whenever it "determines that the interests of justice so require . . . ." Section 3006A(2)(B); Gen. Order No. 2 at 3 (implementing Section 3006A). Whether or not to appoint counsel in Section 2254 cases is a matter left to the judge's discretion. The only way a judge abuses his or her discretion by failing to appoint counsel for a habeas petitioner is when an evidentiary hearing was held or should have been held. *Knaubert v. Goldsmith*, 791 F.2d 722, 729–30 (9th Cir. 1986).

Although petitioner is indigent, appointment is not required by the interests of justice. Although this Court has granted in part petitioner's request for a certificate of appealability, his chances of success on appeal are slim. It therefore would be an unwise use of government resources to pay an attorney for him. Furthermore, petitioner already has an attorney. That attorney has not indicated any intention to cease representing petitioner if he is not appointed by the court. Petitioner therefore apparently is in no risk of having to go it alone. Finally, petitioner's counsel did a weak job of briefing the issues. If this court were to appoint counsel, it would be a different attorney. That would make it more difficult for petitioner to move quickly on his appeal. For these reasons, the interests of justice and therefore 18 U.S.C. 3006A(2)(B) do not require appointment of counsel.

**CONCLUSION**

For the reasons stated above, the request for a certificate of appealability is **GRANTED IN PART AND DENIED IN PART**. The interests of justice do not require appointment of counsel. That request is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: March 9, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE